OPINION
Richard L. Allison appeals from a judgment of the Xenia Municipal Court which clarified that a sentence previously entered by the court on a misdemeanor charge of resisting arrest was to be served consecutively with a period of incarceration of up to six months in the Greene County Jail, which was a condition of a felony sentence to community control imposed by the Greene County Court of Common Pleas for driving under the influence ("DUI").
The underlying facts are undisputed.
On October 24, 1998, Allison was stopped by a Xenia police officer for DUI, and he presented false identification to the arresting officer. Because Allison had several previous convictions for DUI, he was subsequently indicted on a fourth degree felony in the Greene County Court of Common Pleas. When the arresting officer determined Allison's true identity, a warrant was issued for his arrest. A confrontation ensued when police officers attempted to execute the arrest warrant at Allison's place of employment. As a result of these events, Allison was charged in the Xenia Municipal Court with resisting arrest, falsification, driving under suspension, and several other misdemeanor offenses in addition to the DUI charge in the common pleas court.
On March 25, 1999, Allison pled guilty as charged in the court of common pleas. On May 20, 1999, the court of common pleas sentenced Allison to a period of community control, one condition of which was to serve up to six months in the Greene County Jail. On May 27, 1999, Allison pled no contest in the municipal court to resisting arrest, falsification, and driving under suspension, in exchange for which the other charges against him were dropped.[1] On the driving under suspension and falsification charges, the municipal court imposed fines and suspended sentences. On the resisting arrest charge, the municipal court sentenced Allison to ninety days in jail. Allison claims that he assumed that the sentence for resisting arrest was to be served concurrently with the county jail time imposed as a condition of his DUI sentence, apparently in reliance on R.C. 2929.41(A), but the municipal court's entry was silent on this issue as were its statements from the bench in imposing sentence.
While in the Greene County Jail, Allison learned that the jail officials construed his common pleas court jail time and the municipal court sentence as consecutive sentences, rather than concurrent ones. Accordingly, Allison wrote to the municipal court judge in June 1999 for clarification of the court's order. As a result, the court filed an entry on July 28, 1999, stating that Allison "need[ed] to be incarcerated for the resisting arrest," that he was a danger to himself and others, and that he was not entitled to lenient treatment. Although the entry suggested that the municipal court judge had been previously unaware of the jail time imposed by the common pleas court (although it had been explained to the municipal judge at the May 27 misdemeanor sentencing), she implicitly endorsed the jail officials' understanding that Allison's misdemeanor and felony sentences should be served consecutively. Allison's subsequent motion for reconsideration was overruled on August 18, 1999.
Allison raises one assignment of error on appeal.
 THE XENIA MUNICIPAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO SPECIFY AND/OR CLARIFY IN ITS SENTENCING ENTRY AND SUBSEQUENT ENTRIES THAT APPELLANT'S SENTENCE FOR MISDEMEANOR RESISTING ARREST WAS CONCURRENT WITH APPELLANT'S SENTENCE IMPOSED IN Case No. 98 CR 427, GREENE COUNTY COURT OF COMMON PLEAS, AS A CONDITION OF COMMUNITY CONTROL ORDERED BY THE COMMON PLEAS COURT.
Allison contends that R.C. 2929.41 required the Xenia Municipal Court to order its misdemeanor sentence to be served concurrently with the local jail time imposed as a condition of the community control sentence of the court of common pleas.
R.C. 2929.41 provides, in pertinent part:
 [\With certain enumerated exceptions], a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution.
 (B) (1) A sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *.
(Emphasis added.)
Allison's conclusion that the municipal court was required by R.C. 2929.41 to order its misdemeanor sentence to be served concurrently with the court of common pleas' felony sentence ignores the statute's stipulation that it applies where the felony sentence is "served in a state or federal correctional institution." In R.C. 2929.01(V) and R.C. 2929.01(CC), which define "jail" and "prison" respectively, the legislature recognized the distinction between a state-run facility for the confinement of convicted offenders and one run by a political subdivision. Thus, the distinction is significant for purposes of interpreting Revised Code Chapter 29. See State v. Maloney (Sept. 27, 1999), Clermont App. No. CA99-01-006, unreported. Under these circumstances, it would be unreasonable for us to interpret the term "state or federal correctional institution" to include a county jail. See Columbus v. Runyon (June 27, 1985), Franklin App. No. 85AP-89, unreported.
Because Allison's felony jail time was not being served in a state or federal correctional institution, R.C. 2929.41(A) did not prohibit the municipal court from ordering that its sentence be served consecutively with the jail time imposed by the court of common pleas as a condition of its sentencing Allison to community control.
Having said that R.C. 2929.41(A) did not prevent the municipal court from making its sentence consecutive with the jail time imposed by the common pleas court, we are nevertheless constrained to conclude that the municipal court's attempt to do so was ineffective.
R.C. 2929.41(B) (1) limits consecutive sentences in cases of this kind to a sentence imposed "when the trial court specifies that it is to be served consecutively." The municipal court's sentencing entry of May 27, 1999, contained no such specification. That was a final order, and the court lacked jurisdiction to thereafter modify it to specify a consecutive sentence. Allison's subsequent request for clarification when confronted with the Sheriff's intention to treat the two periods of incarceration as consecutive sentences could not create that jurisdiction in the court or revive the jurisdiction which had terminated.
Because the municipal court lacked jurisdiction to modify the Defendant's sentence, which is what its "clarifying" entry of July 28, 1999 purported to do, that judgment or order was void. Further, the court's August 18, 1999 ruling denying the Defendant's motion for reconsideration was likewise a nullity. Accordingly, these void orders of July 28 and August 18 will be reversed, the practical effect of which will be to make the municipal court sentence concurrent with the felony jail time imposed by the common pleas court.
GRADY, P.J. and FAIN, J., concur.
Copies mailed to:
Charles M. Rowland
Timothy S. Chappars
Hon. Susan L. Goldie
[1] Allison also pled no contest to an unrelated criminal damaging charge.